UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x
                                                          :
-                                                         :
EAST JESUS MUSIC, W CHAPPELL                              :
MUSIC CORP. d/b/a WC MUSIC CORP.,                         :
RAY VAUGHAN MUSIC, INC., and DO I        :   Civil Action No.:
GET A PICKLE WITH THAT MUSIC,                             :
                                                          :
                                       Plaintiffs,   :
   -against-                                              :   **COMPLAINT**
                                                          :
FAIRWAY PIZZA AND FAMILY SPORTS     :
PUB, LLC and STEVEN B. JEFFERIS,                          :
                                                          :
                                     Defendants.   :
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

Plaintiffs, by their undersigned attorneys, allege:

1.    This is a suit for copyright infringement under Title 17 of the United States Code.

2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C.§ 1400(a).

3.    Plaintiffs allege three (3) causes of action for copyright infringement based on the Defendant's public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendant's acts of infringement.

**THE PARTIES**

4.     The Plaintiffs named in Column 2* are the owners of the copyrights in the original musical compositions listed in Column 3, and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

5.     Defendant Fairway Pizza and Family Sports Pub, LLC ("Fairway LLC") is a limited liability company organized under the laws of the State of Florida with offices at 2901 Alt 19 North, Palm Harbor, Florida 34683.

6.     At all times hereinafter mentioned, Fairway LLC did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as the "Fairway Pizza and Sports Page Pub" ("Fairway Pizza"), located at 2901 Alt 19 North, Palm Harbor, Florida 34683.

7.     Musical compositions were and are publicly performed at Fairway Pizza.

8.     On information and belief, defendant Steven B. Jefferis ("Jefferis" and, together with Fairway LLC, the "Defendants") is an individual who resides and/or does business in this district.

9.     At all relevant times, Jefferis was, and still is, a manager-member in Fairway LLC with an interest in the financial performance of Fairway LLC.

10.     At all times hereinafter mentioned, Jefferis was, and still is, responsible for the control, management, operation and maintenance of the affairs of Fairway LLC.

11.     At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Fairway Pizza, including the right and ability to supervise and control the public performance of musical compositions at Fairway Pizza.

---

* All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

12.     Each Defendant derives a direct financial benefit from the public performance of musical compositions at Fairway Pizza.

## FACTS SPECIFIC TO DEFENDANT'S INFRINGEMENT OF PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS

13.     The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its nearly 960,000 songwriter, composer, and music publisher members.

14.     Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions.  On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

15.     Since 2008, ASCAP representatives have made numerous attempts to contact the Defendants, or their representatives, agents, or employees, to offer an ASCAP license for the Fairway Pizza.  ASCAP has contacted Defendants by phone, by mail, by e-mail and in-person visits.

16.     Defendants have refused all of ASCAP's license offers for Fairway Pizza.

17.     ASCAP's various communications gave Defendants notice that unlicensed performances of ASCAP's members' musical compositions at Fairway Pizza constitute copyright infringement of ASCAP's members' copyrights in their musical works.

18.     Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at Fairway Pizza, including the copyrighted works involved in this action, without

permission, during the hours that the establishment is open to the public for business and presenting musical entertainment.

19.     The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

20.     Each composition was published on the date stated in Column 5, and since the date of publication has been printed and published in strict conformity with Title 17 of the United States Code.

21.     The Plaintiffs named in each cause of action, including their pre-decessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

22.     Defendants on the dates specified in Column 7, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by performing publicly the compositions at Fairway Pizza, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

23.     The public performances at Fairway Pizza of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 7 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

24.     In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

25.     The many unauthorized performances at Fairway Pizza include the performances of the three copyrighted musical compositions upon which this action is based.

26.     At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was an owner of the copyright in the composition therein named.

27.     The said wrongful acts of Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I.  That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions -- or any of them -- and from causing or permitting the said compositions to be publicly performed at Fairway Pizza, or at any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II.  That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred and Fifty Dollars ($750) in each cause of action herein.

III.  That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

IV.  For such other and further relief as may be just and equitable.

Dated:     Tampa, Florida
           June 24, 2020

BISHOP PAGE & MILLS PLLC

By:   _/s/ *Frederick D. Page*_____
     Frederick D. Page

Florida Bar No. 968587
Lead counsel for Plaintiffs
510 North Julia Street
Jacksonville, Florida 32202
(904) 598-0034 / (904) 598-0395 (fax)
*fpage@bishoppagemills.com*